NO. 07-08-0120-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

NOVEMBER 10, 2008

______________________________

RODNEY C. JONES, 

Appellant

v.

THE STATE OF TEXAS, 

Appellee

_________________________________

FROM THE 140
TH
 DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2005-411,112; HON. ROYAL HART, PRESIDING

_______________________________

Anders Opinion

_______________________________

Before QUINN, C.J., and HANCOCK and CAMPBELL, JJ.

After a jury trial, Rodney C. Jones was convicted of aggravated assault with a deadly weapon and assessed punishment at eight years confinement in the penitentiary.  His appointed counsel has filed a motion to withdraw, together with an 
Anders
(footnote: 1) brief, wherein he certifies that, after diligently searching the record, he has concluded that appellant’s appeal is without merit.  Along with his brief, he has filed a copy of a letter sent to appellant informing him of counsel’s belief that there is no reversible error and of appellant’s right to file a response 
pro se
.  By letter dated August 15, 2008, we also informed appellant of his right to file a response by September 10, 2008.  Upon appellant’s request for an extension of time, that deadline was moved to October 10, 2008.  To date, appellant has filed neither a response nor another motion for additional time.  

In compliance with the principles enunciated in 
Anders
, appellate counsel discussed three potential areas for appeal.  They include 1) the trial court’s exclusion of certain impeachment evidence, 2) the State’s reference during closing argument to appellant’s pre-arrest silence, and 3) the State’s reference to an extraneous offense during closing argument at the punishment phase.  However, counsel has also discussed the applicable law and explained why each ground is without merit.  

Thereafter, we conducted our own review of the record  pursuant to 
Stafford v. State, 
813 S.W.2d 503 (Tex. Crim. App. 1991), and found no arguable issue warranting reversal.  

Accordingly, the motion to withdraw is granted, and the judgment is affirmed.

Brian Quinn 

          Chief Justice

Do not publish.

FOOTNOTES
1:
See Anders v. California, 
386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).